46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Araya WOLDE-GIORGIS, Dr., Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF TRANSPORTATION, and State of Arizona,
Defendants-Appellees.
 No. 94-15665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dr. Araya Wolde-Giorgis appeals pro se the district court's dismissal of Wolde-Giorgis's action against the Arizona Department of Transportation ("ADOT") alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-635, and race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-2000(h). Wolde-Giorgis's claims arose out of the ADOT's decision not to interview him for a position of employment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * ADEA Claim
 
 
 4
 The district court dismissed Wolde-Giorgis's ADEA claim as time-barred. We review this dismissal de novo. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993).
 
 
 5
 To bring a civil action under the ADEA, a plaintiff must file an unlawful discrimination charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory act. 29 U.S.C. Sec. 626(d). This notice requirement is treated as a statute of limitations. Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 675 (9th Cir.1988).
 
 
 6
 Because Wolde-Giorgis failed to file an age discrimination charge with the EEOC, the district court did not err by dismissing his ADEA claim as time-barred. See id. Furthermore, as the district court correctly noted, Wolde-Giorgis's race and national origin discrimination claims, which he properly filed with the EEOC, do not encompass his age discrimination claim sufficient to satisfy the requirements of section 626(d). See id.
 
 II
 Title VII Claim
 
 7
 The district court granted summary judgment for the ADOT on Wolde-Giorgis's Title VII claim of disparate treatment in the ADOT's hiring practices. We review the court's decision de novo. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 8
 Section 703(a)(1) of Title VII prohibits employment discrimination based upon race, color, religion, sex, and national origin. 42 U.S.C. Sec. 2000e-2(a)(1). In a disparate treatment case, the ultimate issue for the district court to decide is "whether 'the defendant intentionally discriminated against the plaintiff.' " United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)).
 
 
 9
 The Supreme Court established an analytic framework for the district courts to follow in order to answer expeditiously and fairly the ultimate question whether the defendant intentionally discriminated against the plaintiff. Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 599 (9th Cir.1993). First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for rejecting the plaintiff. Third, should the defendant carry this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Burdine, 450 U.S. at 252-253. Although a plaintiff can raise a genuine issue of material fact regarding pretext with very little evidence of discriminatory motive, "he must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Lindahl, 930 F.2d at 1438. Conclusory allegations of discrimination, with no concrete particulars, will not bar summary judgment. Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988).
 
 
 10
 Wolde-Giorgis is a black Ethiopian. He applied for a "Planner II" position with the ADOT but was not selected for an interview. He alleged that he was more qualified than those selected for interviews and was denied an interview because of his race and national origin.
 
 
 11
 The district court found that although Wolde-Giorgis's allegations established a prima facie case of discrimination, he was unable to sustain his burden of raising a genuine issue of material fact as to whether the legitimate non-discriminatory reasons offered by the ADOT were a pretext for discrimination. We agree.
 
 
 12
 In support of its summary judgment motion, the ADOT submitted the affidavit of Michael Dawson, an ADOT official who reviewed Wolde-Giorgis's application to determine his suitability for an interview for the Planner II position. Dawson stated that the minimum qualifications for the Planner II position required two years of "selective experience" in the area of transportation or land use planning. Related professional planning experience in land uses, recreational resources, plants and wildlife and their habitats, and water and minerals and other similar resources also was required.
 
 
 13
 In his affidavit, Dawson provided two legitimate non-discriminatory reasons for his decision not to interview Wolde-Giorgis. First, Dawson stated that Wolde-Giorgis's prior experience is as an economist, not an environmental planner, and that the minimal environmental experience he possessed was acquired 15 to 19 years ago. Second, Dawson stated that the three candidates selected for interviews possessed "good to excellent relevant professional planning experience and education, including natural/environmental resources [experience]."
 
 
 14
 In his response to the ADOT's summary judgment motion, Wolde-Giorgis submitted his own affidavit stating, in conclusory fashion, that his education and work experience were beyond (1) the level required by the Planner II position, and (2) the experience possessed by the three candidates selected for interviews. This evidence was insufficient to carry Wolde-Giorgis's burden of raising a genuine issue of material fact as to whether the ADOT's reasons for its interview decision were a pretext for discrimination. See Forsberg, 840 F.2d at 1419. Summary judgment for the ADOT on Wolde-Giorgis's Title VII claim therefore was proper. See id.; Lindahl, 930 F.2d at 1436.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3